**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JOE BLAKELY, as Personal Representative
of the Estate of George Blakely Jr., deceased,

        Plaintiff,

vs.

TRI-COUNTY FINANCIAL GROUP, INC.,
doing business as First State Bank of Mendota,
and FIRST STATE BANK, INC.

        Defendants.

_____/

CASE NO:

```
FILED: JULY 2, 2008
08CV3783
JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE KEYS

PH
```

## COMPLAINT

Plaintiff JOE BLAKELY, in his capacity as Personal Representative of the Estate of

George Blakely Jr., brings this action against Defendants TRI-COUNTY FINANCIAL GROUP,

INC, ("Tri-County") doing business as First State Bank of Mendota and FIRST STATE BANK,

INC., and alleges as follows:

### THE PARTIES

1.      Decedent George Blakely is an individual who resided in Cape Coral, Lee

County, Florida. Mr. Blakely was a citizen of Florida at all times material.

2.      George Blakely passed away on October 5, 2007.

3.      On February 5, 2008, the Twentieth Judicial Circuit Court for Lee County,

Florida entered an Order appointing Plaintiff Joe Blakely personal representative of George

Blakely's Estate. Joe Blakely is a citizen of Florida. He brings this action on behalf of the estate.

4.      Defendant Tri-County is and was, at all times material, a corporation incorporated

in the State of Delaware. Tri-County is registered to do business in the State of Illinois as a

foreign, for-profit corporation. It does business as First State Bank, with its principal location at 706 Washington Street, Mendota, Illinois, 61342.

5.    Alternatively, FIRST STATE BANK, INC. is an Illinois Corporation, with its principal location at 706 Washington Street, Mendota, Illinois, 61342.

6.    Collectively, we will refer to these entities as "First Bank."

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(d)(2) and (d)(6) because there is complete diversity of citizenship; and the value of the claim exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

8.    Venue is appropriate pursuant to 28 U.S.C. §1391 because Defendants contracted with Plaintiff and conducted regular business activities in this district and all or a part of the cause of action arose in this district.

9.    This Court has personal jurisdiction over the Defendant pursuant to 735 ILCS 5/2-209 by virtue of its substantial and not isolated business activities within the State of Illinois. The Defendant's contacts with Illinois constitute constitutionally sufficient minimum contacts such that subjecting either Defendant to personal jurisdiction in this State does not offend traditional notions of due process, fair play, or substantial justice.

## FACTUAL ALLEGATIONS

10.    George Blakely was the developer and owner of Blakely Estates Subdivision ("Blakely Estates"), part of the Village of Dalzell at all times material. The Village of Dalzell (the "Village") is and was located in both LaSalle and Bureau Counties in the State of Illinois.

11.    As an incentive to build Blakely Estates, the Village created a TIF District as part of its Pre-annexation Agreement with George Blakely. The TIF District would last for a period

of 20 years once it began generating tax revenue. Under the agreement, the TIF proceeds would be distributed as follows: 75% to George Blakely as developer and 25% to the Village.

12.     The construction of Blakely Estates began in June 1995 after the Village approved the Final Plat of the first phase, dated May 2, 1995.

13.     After approval, George Blakely sought a construction loan from First Bank. On January 12, 1996, First Bank and George Blakely executed a note in the principal amount of $695,000. In order to secure the financing, George Blakely gave First Bank a mortgage on Blakely's Estates' 107 acres.

14.     George Blakely later executed a note for a second loan of $125,000, which was secured by a deed to property owned by his wife in Georgia.

15.     On January 12, 1996, as additional security for the payment of the $695,000 note, George Blakely assigned the prospective TIF payments to First Bank.

16.     The work on Phase I was completed, substantially and in accord with the plans.

17.     In April 1997, George Blakely presented plans and specifications for construction of infrastructure improvements for Phase II of the development.

18.     During the calendar year 1997, a disagreement arose between George Blakely and the Village regarding Phase II.

19.     Because the Village refused to allow George Blakely to proceed with development, sales stalled and George Blakely was unable to meet his obligations to First Bank. First Bank obtained an order of foreclosure in April 1999, which resulted in a foreclosure sale.

20.     At the time of the foreclosure sale, George Blakely owed First Bank approximately $1,025,000. First Bank bid the total sum of the principal on both notes, or $825,000, at the foreclosure sale. The Bank was the only bidder at the foreclosure sale.

21.     Following the foreclosure sale, First Bank obtained a deficiency judgment for an approximate amount of $195,000.

22.     First Bank attempted to satisfy the deficiency by foreclosing on the Georgia property, but was unsuccessful.

23.     On or around June 8, 1999 and August 14, 1999, First Bank notified the Village that George Blakely defaulted on the bank loan and asserted a right to the TIF payments.

24.     The Village complied with the request, and since that time, First Bank has received an annual stream of income from the TIF proceeds.

25.     On information and belief, First Bank's deficiency judgment, plus interest, should have been satisfied in full by the TIF payments in 2007, at the latest.

26.     Despite receiving monies from the TIF proceeds in excess of the deficiency judgment, First Bank has refused to credit such funds against the deficiency judgment, provide an accounting of the payments being made to First Bank, or request that current and future payments of TIF funds be made payable to the Estate of George Blakely.

## COUNT I
## VIOLATION OF ILLINOIS UNIFORM COMMERICAL CODE

27.     Plaintiff incorporates by reference Paragraphs 1 through 26 above as though fully set forth herein and further alleges:

28.     After foreclosure, First Bank requested that they receive the TIF payments directly from the Village. They have received these payments since 1999.

29.     First Bank owed, and continues to owe, George Blakely a duty to act in good faith and account to and pay over to George Blakely or his Estate any surplus.

30.     First Bank has not acted in good faith and violated the Uniform Commercial Code by failing to provide George Blakely or his Estate with any accounting whatsoever regarding the

TIF funds.

31.    In addition, because George Blakely's obligation to First Bank is fulfilled, First Bank violated the Uniform Commercial Code by withholding surplus TIF proceeds to the detriment of George Blakely and his Estate.

WHEREFORE, Plaintiff demands statutory damages for the loss of any surplus as provided by the Illinois UCC and such other relief that this Court deems just and proper.

## COUNT II
## UNJUST ENRICHMENT

32.    Plaintiff incorporates by reference Paragraphs 1 through 6 above as though fully set forth herein and further alleges:

33.    As a result of First Bank's failure to account for the TIF payments and to deliver the surplus to George Blakely or his Estate, First Bank was unjustly enriched through the receipt of monies in excess of the deficiency judgment obtained against George Blakely.

34.    First Bank knowingly and voluntarily accepted and retained these benefits and continues to do so despite First Bank's duty to credit any TIF funds received against the deficiency judgment and remit all surplus funds to George Blakely's Estate.

35.    First Bank's continuing retention of the benefits and monies due George Blakely's Estate is unjust because such benefit was procured in violation of Illinois' Uniform Commercial Code and because the deficiency judgment has already been fully satisfied.

36.    First Bank has therefore been unjustly enriched at the expense and detriment of Plaintiff.

37.    Plaintiff is entitled to damages as a result of Defendant First Bank's unjust enrichment, including disgorgement of all monies inequitably acquired by the Defendant and owed to Plaintiff.

WHEREFORE, Plaintiff demands that Defendant repay Plaintiff the reasonable present value of all benefits for which it has been unjustly enriched and such other and further relief as this Court deems just and proper.

## COUNT III
## CONVERSION

38.     Plaintiff incorporates by reference Paragraphs 1 through 37 above as though fully set forth herein and further alleges:

39.     First Bank is in possession, custody, and/or control of the TIF funds paid to date that exceed the value of the deficiency judgment they held against the Decedent. The actual amount is unknown because First Bank has failed to provide an accounting.

40.     First Bank has converted the TIF payments for its own benefit and use. First Bank has failed and refused to return the excess TIF payments to Plaintiff despite Plaintiff's demand to do so.

41.     By taking possession of the excess TIF payments and refusing to return these payments to the Plaintiff, First Bank has temporarily or permanently deprived Plaintiff of his use and enjoyment of the property.

42.     First Bank was not entitled to possess any funds over and above the amount of the deficiency judgment it had obtained against Decedent for its own benefit or use.

43.     This deprivation is inconsistent with Plaintiff's ownership rights to the surplus funds from the TIF payments, which rightfully and legitimately belong to George Blakely's Estate.

44.     As a result of this deprivation, Plaintiff has suffered and has continued to suffer damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in its favor

and against First Bank, for damages together with costs, expenses, prejudgment interest, postjudgment interest, and any and all other relief deemed just and proper.

## COUNT IV
## CONSTRUCTIVE TRUST

45.　　Plaintiff incorporates by reference Paragraphs 1 through 44 above as though fully set forth herein and further alleges:

46.　　As a result of the unlawful acts and practices of First Bank, as described above, First Bank was unjustly enriched through the receipt of monies in excess of the deficiency judgment obtained against George Blakely.

47.　　First Bank knowingly and voluntarily accepted and retained these benefits and continues to do so despite First Bank's duty to credit any TIF funds received against the deficiency judgment and remit all surplus funds to George Blakely's Estate.

48.　　First Bank's continuing retention of the benefits and monies due George Blakely's Estate is unjust because such benefit was procured in violation of Illinois' Uniform Commercial Code and because the deficiency judgment has already been fully satisfied.

49.　　On information and belief, the deficiency judgment was satisfied during the calendar year 2007.

50.　　Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff requests that this Court impose a constructive trust over any and all funds that have been paid or are payable over and above the amount owed to First Bank on the deficiency judgment, and award such other and further relief as this Court deems just and proper.

## COUNT V
## ACCOUNTING

51.     Plaintiff incorporates by reference Paragraphs 1 through 37 above as though fully set forth herein and further alleges.

52.     First Bank owes a duty to Plaintiff to maintain accurate records of all payments of TIF funds received from the Village of Dalzell.

53.     Plaintiff is without knowledge of the amount of TIF funds that First Bank has received to date, but, on information and belief, the sums exceed the deficiency judgment held by the bank against the decedent.

54.     Plaintiff has a real and immediate need for an accounting of these amounts, in light of the fact that First Bank has taken no steps whatsoever to redirect the TIF payments to the estate of the decedent now that the deficiency judgment has been satisfied.

55.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff seeks an accounting from First Bank (1) of all payments of TIF funds paid or payable from the Village of Dalzell; and (2) an accounting of the manner in which they were applied against the decedent's deficiency judgment, and such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

DATED this 2nd day of July 2008.

JOE BLAKELY, as Personal Representative of the Estate of George Blakely, Jr., deceased

By: _X̶l̶e̶o̶g̶e̶ ̶M̶.̶ ̶H̶u̶f̶f̶_____
One of his attorneys

James J. Stamos (03128244)
George M. Hoffman (06180738)
STAMOS & TRUCCO LLP
30 West Monroe Street
Suite 1600
Chicago, IL 60603
(312) 630-7979
(312) 6301183 (facsimile)

*Of Counsel:*

Douglas F. Eaton (FBN 0129577)
HOMERBONNER
The Four Seasons Tower
1441 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 350-5197
Telecopier: (305) 982-0083
Email: deaton@homerbonnerlaw.com